PER CURIAM.
The opinion of this court filed May 4, 1960, is hereby withdrawn and the following opinion is substituted therefor.
This is a disciplinary proceeding brought by The Florida Bar against attorney John M. Murrell, Sr., of Miami, Florida, pursuant to Article XI of the Integration Rule as Amended, 31 F.S.A. The original complaint was filed in the latter part of 1954 or early 1955 by Hudson Thomas and Roman Proske before Division B, Grievance Committee of the Eleventh Judicial Circuit, hereinafter referred to as the 1955 Committee.
Appropriate notice was given petitioner by the Chairman of the 1955 Committee that a hearing would be held February 5, 1955, at noon in the East Circuit Court Room on the fifth floor of the Dade County Court House, Miami, Florida, the purpose of which would be to consider the complaint filed by Hudson Thomas and Roman Proske against petitioner. At said hearing evidence was taken and the charges considered, the history of which and the judgment reached are set out by affidavit of William B. Re- *170 man, Chairman of the Committee, dated October 27,19S9, as follows:
“1. That he was duly appointed Chairman of Division B of the Eleventh Circuit Grievance Committee of The Florida Bar for The Florida Bar year 1954-55, and at all times mentioned herein, pertaining to John M. Murrell, Sr., he acted in such capacity.
“2. That he has read the pending complaint filed in the Supreme Court of Florida under the style of State of Florida, ex rel. The Florida Bar, Complainant, v. John M. Murrell, Sr., Respondent, at the request of John M. Murrell, Sr., which is attached to this affidavit as Exhibit ‘A’, and by reference made a part hereof;
“3. That the charges which form the basis of said complaint now pending against the respondent are the same in substance as those which formed the basis of a previous complaint filed with the Florida Bar by the same persons, namely, Hudson Thomas and Roman Proske, against John M. Murrell, Sr., and which came on for investigation before Division B of said Grievance Committee of the Florida Bar on February 5, 1955, when affiant was Chairman thereof;
“4. Affiant, as Chairman of Division B of the Eleventh Circuit Grievance Committee, notified John M. Mur-rell, Sr., that Division B of said Grievance Committee would hear the complaint containing said charges filed against him by the said Hudson Thomas and Roman Proske on Saturday, February 5, 1955, in the Dade County Court House, and that John M. Murrell, Sr., should be present and prepared to present all facts in his possession concerning said charges, the nature of which he could read at the office of the Chairman, filed under Official Docket No. 383, of the Florida Bar, a true copy of said notification to John M. Murrell, Sr., being hereto attached as Exhibit ‘B’, and by reference made a part hereof;
“5. That at the appointed time and place, Division B of the Eleventh Circuit Grievance Committee duly heard the,charges contained in said complaint of said Hudson Thomas and Roman Proske, which contained the same charges in substance as those contained in Exhibit ‘A’, and duly received and admitted the testimony of all witnesses which were produced by the complainants, Hudson Thomas and Roman Proske, and by John M. Murrell, Sr., and considered all the documentary evidence which the parties produced before said Grievance Committee, including the office files of the said John M. Murrell, Sr., pertaining to the transactions contained in said charges;
“6. That at the conclusion of said Rearing, said Eleventh Circuit Grievance Committee, Division B, took the charges in the said complaint of Hudson Thomas and Roman Proske, against the said John M. Murrell, Sr., under advisement and duly deliberated thereon and adjudged on February 8, 1955, that the said John M. Murrell, Sr., was not guilty of any unprofessional conduct, charged against him in the charges contained in said complaint and closed their files on the matter; and that due notice to the complaining witness, Hudson Thomas, and to the respondent, John M. Murrell, Sr., of the decision and judgment of the Committee finding the respondent not guilty was given by letter, a true copy of which is hereto attached as Exhibit ‘C’, and by reference made a part hereof, the original of which was duly mailed to said Hudson Thomas and a copy of the same was duly mailed to John M. Murrell, Sr.;
“7. That under the Integration Rule then in existence governing the action of said Grievance Committee, their ac *171 tion was final, and unless they found the accused attorney guilty of professional misconduct, they were not required to file with the Board of Governors any report of the same, and consequently the said Committee following said Integration Rule did not file any report of said hearing with the Board of Governors of The Florida Bar;
“8. That said Grievance Committee is unaware of any appeal of their decision and judgment to the Board of Governors by said Hudson Thomas and Roman Proske, or either of them, and they are unaware of any procedure under the Integration Rule then governing which would authorize such appeal; likewise, they are unaware and were not consulted by anybody of any action taken by the Board of Governors of The Florida Bar on any such appeal (if taken); that the said Hudson Thomas and Roman Proske did not withdraw their complaint containing said charges against John M. Murrell, Sr., before said Committee, but insisted upon the same being heard and tried, and the same were heard and tried and judgment of not guilty of any unprofessional conduct was rendered on said charges in favor of said John M. Mur-rell, Sr., and remains unmodified and unreversed as far as this affiant is aware or had ever heard of; that said action of said Grievance Committee was and intended to be by said Committee a final disposition and judgment of no unprofessional conduct on said charges in favor of John M. Murrell, Sr.”
On January 14, 1956, approximately a year after petitioner was discharged as shown by the William B. Roman affidavit above-quoted, and approximately five years after petitioner had ceased to represent the complaining witnesses, the said witness Hudson Thomas became dissatisfied with the action taken by the 1955 Committee as revealed by the William B. Roman affidavit, and wrote the executive director of respondent and requested a review of the aforesaid judgment. August 14, 1957, a notice was served on John M. Murrell, Sr., notifying him that he had been charged with professional misconduct and breach of professional duty, the said charge or charges being as follows:
“You are hereby notified that you are charged with professional misconduct as follows:
“(1) On March 20, 1951, your clients Hudson Thomas and Roman Proske assigned a lease to you in trust. Between that date and January, 1952, you used this assignment to coerce your clients against their wishes and to their pecuniary loss to release their leasehold to their lessors, the town of North Miami, with the intent and result that you received payment from and through the Town of a larger sum than you had contracted to receive from your clients.
"(2) By coercion and threats you sought to extort or extorted payment in excess of your agreed fee from your clients Hudson Thomas and Roman Proske:
“(a) By demanding $1000 in May and June 1951, as a retainer for his services in Common Law Case Number 24126 (a tort action against Proske in which you filed a counter-claim in July, 1950) threatening to let the case ‘go to hell’ and to reopen a criminal charge against Thomas if you were not paid. The trial of this case began June 12, 1951. You had agreed in accepting employment to represent your client for a contingent fee of one-third of his recovery. You collected $275 and later collected $1000 though no recovery was made.
“(b) By demanding that your clients convey to you Lots 10 and 11, Block 27, Irons Manor Second Addition and a ‘tip’ of $200 for your associate before *172 you would make any disbursements of trust monies payable to your client, although you had previously agreed upon a fee without these conditions.
“(c) By demanding $1000 on May 13, 19S2, the day before Common Law Case No. 22642 (action by Thomas for false arrest) was scheduled to be tried, threatening to withdraw if not paid, although you had filed this suit in January, 1949, agreeing to a contingent fee. Your client was obliged to pay another attorney $7S0 to represent him in this case.
“(3) On June 6, 1951, in Common Law Case Number 25149 (an action to determine and recover a reasonable fee for your services), you knowingly misrepresented to the court and jury that you had contracted in writing with your clients on May 15, 1950, for a 50% contingent fee, when in fact such instrument was executed on the eve of the trial and did not reflect the agreement between yourself and your clients, but was prepared, pre-dated and executed at your request for the express purpose of deceiving the court and the jury.
“This Grievance Committee will meet at 7:30 P.M., on Thursday, September 12, 1957, at an available courtroom on the fifth floor of the Dade County Courthouse, for the purpose of hearing evidence upon and considering said charge.” (Committee’s Exhibit No. 1)
This Committee [hereinafter called the 1957 Committee] met on the date of the notice stated in the preceding paragraph and on that date, September 12, 1957, September 19, 1957, October 24, 1957, November 14, 1957, December 19, 1957, January 16, 1958, March 6, 1958, and March 15, 1958, took over 500 pages of testimony. At the conclusion and consideration thereof, the Committee, on February 12, 1959, found probable cause of unprofessional conduct and recommended that further disciplinary action be taken against petitioner by the Board of Governors of The Florida Bar in accordance with the applicable provisions of the Integration Rule and By-Laws adopted thereunder. On August 26, 1959, the complaint referred to in the Roman affidavit was filed in this court against petitioner Murrell.
The matter is now before us on a petition praying that the Florida Bar be ordered and directed to cease and desist from taking disciplinary action against petitioner. Petition of Dade County Bar Association President’s and State Attorney’s Special Committee, 116 So.2d 1. As reasons therefor, he alleges the following:
1. That the complaint of Hudson Thomas and Roman Proslce, two of petitioner’s former clients, charging him with unprofessional conduct between the dates of March 1, 1951, and May 30, 1952, is substantially the same as the complaint filed August 14, 1957, in support of their petition.
2. That on February 5, 1955, petitioner was found not guilty of charges of unprofessional conduct by the Committee which was in substance the same as the charges of unprofessional conduct embraced in the 1957 charges.
3. That said proceedings against petitioner and their disposition by said 1955 Committee and their relation to the charges related and made by the 1957 Committee are discussed in the affidavit of Honorable William B. Roman, heretofore quoted.
4. In his petition to cease and desist from taking further disciplinary action, petitioner points out that the complaint containing the 1955 charges against him was filed by the complaining witnesses and served upon petitioner prior to February 1, 1956. That under the Integration Rule then effective, no record of petitioner’s trial and hearing was required to be made by the 1955 Committee; that, likewise, under said Integration Rule then effective, the 1955 *173 Committee was not required to, and did not, file with respondent’s Board of Governors any report of the same because said 195S Committee found no reasonable or probable grounds to believe that petitioner was guilty of unprofessional conduct. Furthermore, the Integration Rule then effective and governing petitioner’s trial, did not provide for any appeal to the Board of Governors by a dissatisfied complaining witness from the judgment rendered by the 1955 Committee finding petitioner not guilty of unprofessional conduct. That, under said Integration Rule then effective, the judgment of the 1955 Committee was final and unap-pealable. That the said Integration Rule did not authorize the Board of Governors to allow said complaining witnesses, or either of them, to withdraw their complaint without prejudice, against petitioner, particularly after said complaint had merged into a finding and judgment of not guilty duly rendered by the 1955 Committee.
5. The petition to cease and desist further complains that the Board of Governors mistakenly thought the Integration Rule, then governing petitioner’s case, required said 1955 Committee to make and furnish them with a copy of the proceedings against petitioner, and, in the absence of same, they could not officially know what had transpired below before the said 1955 Committee, and, therefore, it would be proper to start all over again against petitioner with a new complaint if said complaining witness desired to do so. It was on this theory that the 1957 Committee filed its charges against petitioner which are in substance the same as the 1955 charges of unprofessional conduct except the additional charge designated as (2) (b), which was related in allegations.
The record here shows that Thomas and Proske filed suit in chancery in the Circuit Court of Dade County on December 18, 1958, charging fraud against petitioner and claiming damages against him in the sum of $1,000,000, $750,000 of which was for punitive damages. The chancery complaint was based on “fraud, deceipt [sic], coercion, collusion, breach of trust and treachery,” concerning their lease with City of North Miami on some city lands for a zoo. The same charges were embraced in the 1955 Committee trial as result of which petitioner was acquitted. The chancery complaint also charged petitioner with illegally and fraudulently holding $4,000 from said complaining witnesses for additional attorneys’ fees, all of which said charges were embraced in the 1955 trial. It is not necessary to repeat here all the charges recited in the chancery complaint, it is sufficient to say that they were in the main embraced in the 1955 Committee trial and that at the conclusion of the chancery case the chancellor found that the testimony of the complaining witness Thomas was “unworthy of belief” and “so utterly 'absurd as. to approach the fantastic, and was plainly apparent to be in many of its aspects, a. product of Thomas’ extravagant and vivid imagination.”
At the conclusion of all the testimony offered by the plaintiffs and having announced that they rested, the chancellor dismissed the complaint with prejudice and entered a permanent injunction against plaintiffs, Hudson Thomas and Roman Proske, based upon the testimony of Thomas that he had gone from lawyer to lawyer, and to other persons, slandering petitioner. In the final decree the chancellor found “that the charges in the complaint are without any foundation, and are false and untrue, and that the complaint should be dismissed and the injunction prayed for in the counterclaim granted.” In the said final decree the chancellor enjoined the complaining witnesses “from their continued harassment, annoyance, and unlawful attempts to prejudice, embarrass, hurt, harm and injure the defendant, John M. Murrell, Sr., and his reputation, his character and his law practice, by reason of any of the matters and things which are set forth and alleged in the complaint filed in this cause.” The opinion quoted from and filed in the chancery case was handed *174 down June 3, 1959, and no appeal has been taken therefrom.
The chancery case discussed in the preceding paragraph was a separate and independent cause from the disciplinary proceeding but it dealt with many factors involved in the disciplinary case and what the chancellor said in the final decree about the integrity and personal habits of the prosecuting witness Hudson Thomas would certainly be persuasive here. The record in this case reveals that petitioner had represented the prosecuting witnesses over a period of years in a number of cases ranging from a sodomy charge in Wisconsin to a suit having to do with the zoo property in North Miami.
We are confronted here with a disciplinary proceeding that has been under investigation for five years or longer. The disciplinary Rule requires that “all investigations and hearings of disciplinary cases shall be begun, prosecuted and completed as promptly as the ends of justice will permit. All investigations and hearings shall be informal but thorough, with objective of ascertaining the truth.” This is a most essential requirement, the reason being that the minute such a proceeding is instituted the lawyer’s professional reputation is shadowed and in danger of being permanently impaired. Such charges should not be suspended in limbo. They should be dispatched and if found to be without merit the lawyer charged should be exonerated. Charges of unprofessional conduct are not intricate or difficult to fathom. An experienced lawyer will develop the truth in such charges much after the fashion his wife’s intuition works with proper inducement to activate it. Any experienced trial lawyer has observed that those who make such charges will often on cross examination “spill the beans” and provoke such comments as those evoked by the chancellor in the chancery case pointed out herein.
This record, partly narrated in this opinion, convinces every member of this court that these proceedings have gone far enough. To continue would amount to no more than harassment and would constitute an abuse of the powers given this court and its commissions under Section 23 of Article V of the constitution, F.S.A.
Therefore, the motion to cease and desist must be, and is, hereby, granted. In Re Investigation of Circuit Judge, Fla., 93 So.2d 601; In Re Proposed Disciplinary Action, Fla., 103 So.2d 632.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, DREW, THORNAL and O’CON-NELL, JJ., concur.
ROBERTS, J., absent.