[No. C.D. 6379.   En Banc.   December 4, 1980.]

*In the Matter of the Disciplinary Proceeding Against* KENNETH M. BROWN, JR., *an Attorney at Law.*

*Leland G. Ripley,* for Bar Association.

*Thomas Patrick Keefe* and *Emmet T. Walsh,* for respondent.

UTTER, C.J.—Kenneth M. Brown, Jr., was admitted to practice law in this state in 1968. In 1978, the Washington State Bar Association received two complaints against him. Completely separate from the disciplinary complaints, Mr. Brown failed to file income tax returns for the years 1973 and 1974, although his income was reported in his partnership returns. He was convicted in April 1980 on misdemeanor charges for failure to timely file his 1974 tax return and sentenced to 1 year in jail, 9 months of which were suspended with the balance to be served on a work release program.

In the proceedings before the bar association, he failed to appear in person on either charge, although he was represented by counsel. The Board recommended in a consolidated order that Mr. Brown be suspended until he demonstrated his fitness to practice law and for an additional 6 months after that time, as well. We remand this matter to the Board to consider the facts which have arisen

since Mr. Brown returned to supervised practice, and to assess against Mr. Brown both the costs and attorney's fees accrued to date by the bar association.

The first complaint was by James Johnson, who paid Mr. Brown $200 to represent him on a driving while intoxicated charge. Mr. Brown was requested to remove an outstanding warrant and obtain a trial date. He told Johnson, shortly thereafter, that he had succeeded in quashing the warrant and that the matter was resolved. In fact, this had not been done. When Mr. Johnson learned of this several months later, he repeatedly requested a refund of his money. Mr. Brown denied the requests and did not return the money until the day of the disciplinary hearing, 1 year later.

The second complaint related to a $250 retainer paid Mr. Brown by one Sharon Ensminger. Mr. Brown was to begin a dissolution proceeding, but was soon informed by Mrs. Ensminger that she did not wish to proceed. When she requested a refund of any unearned fees, Mr. Brown contended that he had earned the retainer, claiming he had prepared preliminary pleadings for the case.

After considering these facts, the Disciplinary Board concluded that Mr. Brown, in representing Mr. Johnson, had neglected a legal matter and intentionally failed to carry out a contract of employment in violation of (CPR) DR 6–101(A)(3) and (CPR) DR 7–101(A)(2). As to Mrs. Ensminger, the Board found that Mr. Brown had neglected a legal matter, failed to refund unearned fees, and failed to pay fees to a client in violation of (CPR) DR 6–101(A)(3), (CPR) DR 2–110(A)(3), and (CPR) DR 9–102(B)(4). Additionally, the Board found that he had twice willfully disregarded subpoenas issued by bar counsel and had willfully failed to provide written explanations of his conduct, contrary to DRA 2.6. Based on these conclusions, the Board, with two dissents, recommended that he be suspended until he demonstrated his competency to practice law, and, if proven, then for an additional 6 months. One dissent stated that any recommendation should await his explanation of

his conduct. The other recommended a 1–year suspension upon proof of competency.

■ Mr. Brown accepts the findings of the Board and challenges only the severity of the recommended sanction. He urges his problems are not likely to recur and were the product of pressures which no longer exist. His affidavit on file states that at the time he left his partnership with Mr. Emmet T. Walsh in 1975, he had over 100 active cases, which he admits were far too many for one attorney to handle. He states he was working a minimum of 6 days a week, 10 to 12 hours a day, and on Sundays as well. The pressures of this work and the investigation by the Internal Revenue Service created anxiety which resulted in his inability to properly practice law. Since April 1, 1980, he has resumed practicing law on a full–time basis with his former partner, Mr. Emmet T. Walsh. He has, as well, participated in a psychiatric examination and evaluation and has indicated a willingness to continue a psychiatric program if needed. At the time of argument he had completed 6 months of supervised practice with Mr. Walsh and had been performing satisfactorily.

The recommendation to be made by the Board should consider the actions of Mr. Brown since returning to Mr. Walsh's office under supervision. The fact that it did not can be traced directly to Mr. Brown's complete lack of cooperation with the bar association. It is this lack of cooperation that prevented the Board from fully considering whether he was in fact capable of returning to practice and under what conditions. We believe it would best serve the interests of the bar and public to remand this case to the Board for reconsideration of Mr. Brown's successful period of practice under the supervision of Mr. Walsh. During the time this matter is being reconsidered by the Board, Mr. Brown may continue practice only if he is under the direct supervision of Mr. Walsh.

■ We are concerned with the improper waste of time caused by Mr. Brown's earlier failure to cooperate. To deter others so that cooperation with disciplinary processes is

ensured in the future, and as a condition for remanding this matter, we assess against Mr. Brown the attorney's fees and costs incurred to date by the bar association.

ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.