[No. C.D. 8587.  En Banc.  December 31, 1980.]

*In the Matter of the Disciplinary Proceeding Against* MICHAEL G. MCNERTHNEY, *an Attorney at Law.*

*Robert T. Farrell,* for Bar Association.

*William R. Boyle* and *William J. Rush,* for respondent.

UTTER, C.J.—The Disciplinary Board of the Washington State Bar Association recommended to this court that respondent Michael G. McNerthney be suspended from the practice of law for 60 days for violating a confidence of his

client. In view of special factual circumstances present, we find that suspension is inappropriate and hold that respondent shall receive a letter of admonition.

McNerthney was admitted to practice in Washington in 1974, and has practiced since that time in Pierce County. The incident leading to disciplinary action occurred while he was employed as a Pierce County Deputy Prosecuting Attorney.

On September 20, 1977, while working with the Tacoma Police Department's narcotics division, McNerthney saw an affidavit in support of a warrant to search for drugs in the home of an acquaintance, Tim Graston. Earlier that year, McNerthney had learned that Graston was dealing in PCP ("angel dust"), and had soundly lectured him about the dangers of controlled substances. McNerthney thought he had obtained assurances from Graston that he would get out of the drug business.

During the evening of September 20, while socially drinking with office friends and other acquaintances, McNerthney became intoxicated and enraged at Graston for having "gone back on his word" to stop dealing drugs. He drove to Graston's house, "shook him up" and accused him of betrayal. In the course of the resulting argument, McNerthney told Graston that a "paper" had been issued, thus warning him of the search warrant. After McNerthney left, Graston moved the drugs to the home of a friend, and the police found nothing in the subsequent search of Graston's house. Later, the police located the drugs. As a result of these events, McNerthney lost his job with the prosecutor's office. He later testified in support of the prosecution's position that the defendant in the drug charges was not entrapped. Respondent has worked subsequently at a Tacoma law firm without incident. In August 1979, almost 2 years after the incident, the bar association filed a complaint charging McNerthney with revealing a confidence of his client, ((CPR) DR 4–101(B)(1)), intentionally

prejudicing his client, ((CPR) DR 7–101(A)(3)), and engaging in conduct prejudicial to the administration of justice, ((CPR) DR 1–102(A)(5)).

The hearing officer concluded that by warning prospective defendants of a search warrant, McNerthney had revealed a confidence of his client, the State of Washington, in violation of (CPR) DR 4–101(B)(1). He recommended that McNerthney be censured for the violation and that the other complaints be dismissed. The disciplinary board modified the recommended sanction to a 60–day suspension. Two members, one of whom was the hearing officer, dissented in favor of censure, and two members abstained. The case was then referred to this court pursuant to DRA 5.6(h).

██ Disciplinary sanctions are imposed to protect the public and to preserve confidence in the legal profession and the judicial system. *In re Salvesen*, 94 Wn.2d 73, 76, 614 P.2d 1264 (1980); *In re Smith*, 83 Wn.2d 659, 663, 521 P.2d 212 (1974).

██ What sanctions will further these purposes depends on the facts and circumstances of each case. *In re Kumbera*, 91 Wn.2d 401, 404, 588 P.2d 1167 (1979). Factors to be considered include:

> (1) the seriousness and circumstances of the offense; (2) avoidance of repetition; (3) deterrent effect upon others; (4) maintaining respect for the legal profession; (5) assurance that those who seek legal services will be insulated from unprofessional conduct.

*In re Zderic*, 92 Wn.2d 777, 787, 600 P.2d 1297 (1979).

██ McNerthney's offense, while demonstrating very poor judgment, was of an isolated nature. His good intention, to help a young person involved with drugs, unfortunately led him to interfere with the work of the police. However, the hearing officer, who had an opportunity to observe McNerthney's candor, found in unchallenged findings this result was neither intended nor deliberate.

The incident leading to disciplinary action stands in stark contrast to an otherwise good record. Three Pierce

County superior court judges submitted affidavits praising McNerthney's character. McNerthney has shown total remorse for his conduct. The Tacoma News Tribune carried a front page article describing the incident and quoting McNerthney as saying that he had made the "'biggest mistake of [his] life.'" It would appear he has learned his lesson, and there is no need for suspension to deter repetition or protect the public.

We are also influenced in this case by the delay which occurred between McNerthney's misconduct and the initiation of disciplinary proceedings. During oral argument, bar counsel acknowledged that McNerthney had discussed the matter with him in March 1978, when McNerthney testified in another disciplinary case. However, no action was taken until August 1979, almost 2 years after the incident. We find this delay unreasonable, under the facts of this case. *Cf. In re Ressa,* 94 Wn.2d 882, 621 P.2d 153 (1980).

At the time McNerthney received notice of disciplinary action, he had been successfully engaged in private practice for 1 1/2 years, and at the time of hearing before this court, he had practiced for almost 2 1/2 years. To impose suspension at this time would serve no useful purpose.

Because McNerthney's dereliction while serious, was inadvertent, and because of the delay between the incident and disciplinary action, we find suspension unwarranted and that a letter of admonition is appropriate. In the usual case, the disciplinary board sends a letter of admonition when the misconduct charged is not of sufficient magnitude to warrant a hearing, and the letter does not constitute a finding of misconduct. DRA 2.4(f)(3). In this case, a hearing was held, and we concur in the finding of misconduct. However, we find that a letter of admonition, warning of

future misconduct, is all that is warranted in this case, and so order.

ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLI-VER, HICKS, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.