[No. C.D. 6379. En Banc. April 29, 1982.]

*In the Matter of the Disciplinary Proceeding Against* KENNETH M. BROWN, JR., *an Attorney at Law.*

*Leland G. Ripley,* for Bar Association.

*Thomas Patrick Keefe* and *Emmet T. Walsh,* for respondent.

BRACHTENBACH, C.J.—This is an attorney disciplinary proceeding involving an attorney who failed to file a federal

income tax return. The Disciplinary Board of the Washington State Bar Association recommended that respondent, Kenneth M. Brown, Jr., who practices in Seattle, be suspended from the practice of law for a period of 45 days. Because of mitigating circumstances, we choose to impose a lesser sanction of reprimand.

This review evolves from the remand proceedings required by our opinion in *In re Brown,* 94 Wn.2d 750, 620 P.2d 101 (1980). In that opinion, we reviewed the Board's recommendation that Mr. Brown be suspended until he demonstrated his fitness to practice law and for an additional 6 months after that time. This recommendation was based on two complaints by clients of respondent's neglect of legal matters and respondent's failure to cooperate with the bar association's investigation. Respondent's failure to file federal tax returns was not before the Board at that time. We remanded the matter to enable the Board to consider respondent's tax law violation and to take into account respondent's successful period of supervised practice subsequent to his infractions. Also, for his failure to cooperate, respondent was assessed with the attorney's fees and costs incurred by the bar association.

On remand, the complaints by the clients were remedied, and the disciplinary sanctions imposed by the Board were accepted by the respondent. We find no reason to disturb the Board's resolution of these issues. Therefore, we focus now on the Board's recommendation of a 45-day suspension for respondent's violation of federal tax laws. DRA 5.6.

Respondent, admitted to practice law in Washington in 1968, failed to file an individual federal income tax return for the years 1973 and 1974. He did, however, acknowledge his income in the partnership tax returns filed for those years. In 1980, he pleaded guilty to a single misdemeanor charge of failure to file an income tax return and served 3 months in jail on a work release program.

Since April 1980, respondent has been practicing law under the supervision of another attorney. Moreover, as part of his sentence, Mr. Brown has participated in a coun-

seling program designed to help him better manage his work load and cope with stress. While in supervised practice, there have been no complaints lodged against Mr. Brown, and his performance has been both satisfactory and competent.

During the remand proceedings, respondent cooperated fully with the bar association. A hearing panel officer found, *inter alia,* that respondent had demonstrated, since April 1980, his fitness to practice law and that recidivism was extremely unlikely, and he recommended that respondent be reprimanded for his violation of the federal income tax laws. The Board modified this recommendation by adding a 45–day suspension, with the hearing panel officer abstaining from voting and one member dissenting in favor of the hearing panel officer's recommendation.

■■ We give serious consideration to the recommendations of the Disciplinary Board, but retain ultimate responsibility for determining the proper measure of discipline in any given case. *In re Krogh,* 85 Wn.2d 462, 473, 536 P.2d 578 (1975). The primary purposes for imposing a disciplinary sanction are to protect the public and to preserve confidence in the legal profession and the judicial system. *In re McNerthney,* 95 Wn.2d 38, 621 P.2d 731 (1980). Punishment is not a proper basis for discipline. *In re Purvis,* 51 Wn.2d 206, 316 P.2d 1081 (1957); *In re Beakley,* 6 Wn.2d 410, 107 P.2d 1097 (1940).

■ Bearing these axioms in mind, to suspend respondent from the practice of law at this time would serve no valid purpose. The criminal system has punished him for his transgressions. Moreover, we find that respondent's acts did not involve moral turpitude. Respondent's filing of a partnership tax return demonstrates that he did not intend to defraud the government. Also, respondent did not attempt to evade prosecution; he resumed filing yearly tax returns on his own initiative prior to the Internal Revenue Service's investigation. *Compare In re Greiner,* 61 Wn.2d 306, 378 P.2d 456 (1963) (attorney failed to file tax returns for 8 years for fear of being exposed for his omissions).

Furthermore, respondent has been candid in admitting that his failure to file was wrongful, unlike the subreptitious attitude taken by the attorney in *In re Witteman,* 95 Wn.2d 936, 631 P.2d 961 (1981).

It is true that respondent fell below the high standards of conduct demanded of attorneys, but he has endeavored to pick himself up again. He underwent psychiatric counseling. He changed his work environment and drastically reduced his work load. He has faithfully filed his yearly income tax returns since 1974. Furthermore, he has been subject to the supervision of another attorney for nearly 2 years and has proven himself to be a competent and capable attorney during that time. To suspend him now would burden the members of the public who have chosen him as their attorney, without bestowing any concomitant benefit on the general public or the legal profession. *In re Greiner, supra* at 317–18 (Rosellini, J., dissenting).

Each disciplinary case is decided on its own facts. *In re McNerthney, supra.* Here, we find respondent's failure to file his income tax returns inexcusable and reprimand him for his misconduct. Nonetheless, because such misconduct appears to have been isolated in time and because rehabilitation appears to be complete, no suspension will be imposed. Respondent has demonstrated that he is competent to practice law; therefore we lift the supervisory provisions that were previously imposed. Additional costs will not be assessed against either party.

ROSELLINI, STAFFORD, UTTER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

DOLLIVER, J., concurs in the result.