471 P.2d 269

In the Matter of A Member of the State Bar of Arizona (District No. 4–B) Marvin JOHNSON, Respondent.

No. 9958.

Supreme Court of Arizona,
In Banc.
July 1, 1970.

Johnson & Shaw, by Joseph P. Shaw, Phoenix, Lewis, Roca, Beauchamp & Linton, by John J. Flynn, Michael D. Kimerer, Phoenix, for respondent.

Frederick O. Robertshaw, Phoenix, for the State Bar of Arizona.

Before LOCKWOOD, C. J., STRUCK-MEYER, V. C. J., and UDALL, Mc-FARLAND, and HAYS, JJ.

PER CURIAM.

Disciplinary proceedings were instituted by Jerome J. Raskin before the Local Administrative Committee of District 4–B of the Bar Association of the State of Arizona, charging that on December 4, 1968 he, Jerome J. Raskin, was assaulted by respondent, Marvin Johnson, a practicing attorney-at-law for twenty-four years. The Local Administrative Committee concluded after a hearing that respondent "committed a physical and verbal assault on the complainant, Raskin, for which there was no specific provocation or justification" and recommended a reprimand. The finding and recommendation of the Local Administrative Committee were affirmed by the Board of Governors of the State Bar.

The disciplinary action is predicated upon Section 32–263, Arizona Revised Statutes, providing that the duties of an attorney-at-law are to abstain from all offensive personality, and upon Canon 18 of the Canons of Professional Ethics, providing that a lawyer should always treat adverse witnesses and suitors with fairness and consideration.

A detailed résumé of the facts is unnecessary. It is sufficient to say that Raskin did not like respondent because of respondent's representation of a client, a Mrs. Nancy Hogue, in which capacity it became necessary for respondent to discharge Raskin as vice-president and general manager of a corporation principally owned by Mrs. Hogue. Thereafter Raskin initiated a lawsuit against Mrs. Hogue and her corporation in the course of which notice was given to take Mrs. Hogue's deposition at the office of Rod Wood, attorney for Raskin. Rod Wood was a former associate of respondent. Wood was not on friendly terms with respondent because his association with respondent had been dissolved under strained circumstances.

Respondent, accompanied by Mrs. Hogue, went to Wood's office for Mrs. Hogue's deposition on December 4, 1968. They were ushered into an office where Raskin was standing and a court reporter was waiting. At this point there is a vast discrepancy in the testimonies of the parties as to what occurred. Respondent testified that when he held his hand out to Raskin to shake hands, Raskin drew his right fist back and that he, respondent, thought Raskin was going to strike him so he hit Raskin with his left hand in which he was carrying his briefcase, and that he struck Raskin two or three times about the body and then stepped back. This testimony was corroborated by Mrs. Hogue. Raskin testified that respondent, without provocation struck him in the face, knocking him onto a couch, and then repeatedly struck him and continued striking him for a moment or two, and that he made no effort to strike back. The court reporter present testified that he did not see the start of the fracas but looked up in time to see Johnson strike Raskin two or three times. Raskin and Wood testified that after the altercation terminated Johnson said, "No son-of-a-bitch is going to refuse to shake my hand." This was denied by Johnson and Mrs. Hogue, and the court reporter testified that he did not recall any such conversation. Raskin sustained a small bruise beneath his left eye.

Immediately after the incident, Raskin and Wood called in a newspaper reporter and gave him their version of the incident and this was duly reported in the Phoenix

papers. Raskin then filed a criminal complaint against the respondent in the City Court, City of Phoenix, Arizona, to which charge respondent was adjudged not guilty after a trial. Raskin also filed this grievance with the State Bar of Arizona.

 Respondent challenges the sufficiency of evidence to support the Committee's findings urging that the ill-will which both Raskin and Wood acknowledged they bore toward him destroyed the credibility of their testimony. When disciplinary action against an attorney is recommended, it is this Court's duty to determine for itself the facts, In re Wilson, 106 Ariz. 34, 470 P.2d 441 (filed June 9, 1970). We do not, however, find it necessary to examine further into respondent's position. Isolated, trivial incidents of this kind not involving a fixed pattern of misbehavior find ample redress in the criminal and civil laws. They have none of the elements of moral turpitude, arising more out of the infirmities of human nature. They are not the appropriate subject matter of a solemn reprimand by this Court.

The proceedings are ordered dismissed.