[No. C.D. 5464.   En Banc.   August 19, 1982.]

*In the Matter of the Disciplinary Proceeding
Against* ROBERT KUVARA, *an
Attorney at Law.*

*Robert T. Farrell* and *Leland G. Ripley,* for Bar Association.

*Robert Kuvara,* pro se, and *William R. Levinson,* for respondent.

PEARSON, J.—This attorney discipline action presents the issue of whether a simple assault is an act involving moral turpitude. We hold that it is not, under the facts of this case.

The matter arises from a complaint dated May 12, 1981, which charged respondent, Robert Kuvara, with two violations of the Code of Professional Responsibility. Count 1 alleged violation of CPR DR 1–102(A)(6), which prohibits an attorney from engaging in conduct that adversely reflects on his fitness to practice law. Count 2 alleged violation of CPR DR 7–102(A)(7), which prohibits an attorney from counseling or assisting his client in conduct that the attorney knows to be illegal or fraudulent. The two counts arose from independent incidents.

The first count alleges that Kuvara became involved in an altercation and struck another individual in the face with a wineglass. This incident occurred while Kuvara was watching a basketball game on television at a Seattle restaurant. Kuvara's view of the television screen was obstructed by the man sitting beside him, who leaned forward in his seat to argue with his companion, a man named Foley. Kuvara asked the man to sit back. The man spoke angrily to Kuvara, and Foley stood up, shouted an obscenity at Kuvara, and approached him menacingly. Kuvara, fearing a physical attack from Foley, lashed out at him with his right hand. In his hand was a wineglass, which smashed against Foley's face. Kuvara claimed he had forgotten the glass was in his hand and the striking of Foley was a reflex action in response to Foley's threatening him. He was not affected by alcohol at the time of the incident. Kuvara was charged with second degree assault, but on August 9, 1979, the charge was reduced to simple assault, to which Kuvara

pleaded guilty. The district court "deferred the findings" for 6 months on condition that Kuvara perform 40 hours of community service and pay court costs. On February 8, 1980, Kuvara having satisfied these conditions, the charges were dismissed.

Foley suffered injuries from the blow with the glass, including hearing loss, facial nerve damage, and scarring. He was awarded damages in the amount of $60,000 in a civil suit against Kuvara for "inadvertent but negligent use of a glass."

The second count arises out of a client's accusations that Kuvara suggested that she fraudulently backdate a deed. The client, Mrs. Clark, testified that in April 1980 Kuvara suggested that she could qualify for welfare payments by putting the deed to a house she owned in her sister's name and backdating the deed 1 year. Mrs. Clark told a friend, a Mr. Cyphers, about this suggestion. Mr. Cyphers' father advised Mrs. Clark that the suggestion was unethical. Mrs. Clark arranged another meeting with Kuvara, and took Mr. Cyphers along as a witness. She testified that Kuvara again recommended backdating the deed. She asked Kuvara if he was aware that this was fraudulent, and "he laughed and said, 'As far as welfare is concerned.'" Mr. Cyphers testified that he recollected Kuvara's saying something about backdating a deed to the house, and agreeing that he knew it was fraudulent. Kuvara disputed Mrs. Clark's allegations. He testified that the only conversation they had about backdating a deed was in the meeting which Mr. Cyphers attended. Kuvara said that Mrs. Clark accused him of offering to backdate the deed and threatened to turn him in.

The hearing pursuant to the complaint was held on August 24, 1981. The hearing officer filed his findings, conclusions, and recommendations. He recommended dismissal of count 1 on the ground that the simple assault had not involved moral turpitude. On count 2, the hearing officer found, by a clear preponderance of the evidence, that Kuvara had suggested to a client that she backdate a deed

of real property. The hearing officer recommended that Kuvara be censured for this conduct.

The Disciplinary Board, after reviewing the hearing transcript and all exhibits, voted unanimously to strike down the hearing officer's recommendations. On count 1, the Board entered a finding that the assault involved moral turpitude and recommended 30 days' suspension. The Board dismissed count 2. We disagree with the Disciplinary Board's recommendations, and reinstate and adopt the recommendations of the hearing officer.

■ The Discipline Rules for Attorneys set out the causes for which an attorney may be subjected to disciplinary action. DRA 1.1. Among the causes is the commission of any act involving moral turpitude. DRA 1.1(a). The Disciplinary Board concluded that the simple assault was an act which involved moral turpitude. No decision of this jurisdiction compels that conclusion; in fact, the issue has not previously been considered in this state. No other jurisdiction has found that an assault comparable to that in the instant case involves moral turpitude. *See* Annot., 21 A.L.R.3d 887, 892–94 (1968). The Supreme Court of Arizona has dismissed disciplinary proceedings against an attorney who struck another man in an altercation. *In re Johnson,* 106 Ariz. 73, 471 P.2d 269 (1970). That court's reasoning persuades us that no moral turpitude is involved in the instant case.

> Isolated, trivial incidents of this kind not involving a fixed pattern of misbehavior find ample redress in the criminal and civil laws. They have none of the elements of moral turpitude, arising more out of the infirmities of human nature. They are not the appropriate subject matter of a solemn reprimand by this Court.

*Johnson,* at 75. In the present case, the assault was an isolated incident, arising out of momentary thoughtlessness, rather than being prompted by malice. Redress has been obtained through both the criminal and civil law. The incident is therefore not an appropriate cause for sanction under DRA 1.1(a).

■■ We turn now to consider the second count. The Disciplinary Board dismissed the hearing officer's findings and recommendations on count 2. Although this court gives serious consideration to the recommendations of the Disciplinary Board, we retain ultimate responsibility for determining the proper measure of discipline in any case. *In re Brown,* 97 Wn.2d 273, 644 P.2d 669 (1982). Nevertheless, we have long recognized that the credibility and veracity of witnesses are best determined by the fact finder. *In re Witt,* 96 Wn.2d 56, 633 P.2d 880 (1981). In this case, the hearing officer heard Mrs. Clark and Mr. Kuvara give their versions of the facts. He then weighed the evidence according to the test we enunciated in *In re Greenlee,* 82 Wn.2d 390, 393, 510 P.2d 1120 (1973), and decided that a clear preponderance of the evidence supported the conclusion that Kuvara recommended that his client backdate a deed. We have reviewed the record and find no reason to upset the hearing officer's conclusion. We therefore reinstate his finding that Kuvara recommended to Mrs. Clark that she backdate a real estate deed.

■ Advising a client to backdate a deed is a violation of CPR DR 7–102(A)(7), which proscribes counseling or assisting a client in conduct that the lawyer knows to be illegal or fraudulent. Kuvara is therefore properly subject to discipline pursuant to DRA 1.1(i). The hearing officer recommended a letter of censure as the appropriate sanction in this case, and we adopt that recommendation.

■ Kuvara argues that the proceedings should be dismissed because the hearing officer failed to file his findings, conclusions, and recommendations within 20 days of the hearing. DRA 3.2(l). However, the rules do not provide that failure to comply with the time limit in DRA 3.2(l) requires dismissal of the proceedings. The argument is therefore without merit.

We therefore order that Kuvara should receive a censure

for his violation of DRA 1.1(i) as specified in count 2 of the complaint and pay costs in the amount of $364.57.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.