[No. C.D. 5830. En Banc. January 14, 1988.]

*In the Matter of the Disciplinary Proceeding Against* SAMUEL J. ALLOTTA, *an Attorney at Law.*

*Robert D. Welden,* for Bar Association.

*Patrick K. Daly,* for respondent lawyer.

UTTER, J.—Attorney Samuel J. Allotta appeals the unanimous order of the Disciplinary Board (the Board) of the Washington State Bar Association recommending that he be disbarred. We hold that the record supports this recom-

mendation and accordingly enter a judgment of disbarment.

FACTS

The following facts were found by the hearing officer and were adopted by the Board.

Samuel J. Allotta was admitted to practice in Washington state in 1966 and subsequently maintained a general practice in the Tacoma area. Robert Izzo was admitted to practice in May 1980 and shared office space with Mr. Allotta from that time until February 25, 1985. Mr. Izzo was neither an associate nor an employee of Mr. Allotta during this period. However, Izzo did perform some work on cases at Allotta's request in exchange for the office space.

In October 1981, Allotta was contacted by telephone by Emily Donovan seeking his assistance and representation in an alleged medical malpractice matter. At Allotta's request, Izzo wrote four letters seeking pertinent medical information. This appears to have been the extent of Izzo's work on Donovan's claim.

Mrs. Donovan died in February 1982 before any action was taken on her claim. The cause of death was unrelated to the alleged medical malpractice. Allotta determined that Mrs. Donovan's cause of action did not survive her death and decided to take no further action on the matter. The file, however, remained open. The statute of limitations on Mrs. Donovan's claim apparently expired after July 1984.

In December 1984, David Donovan, a son of Emily Donovan, came to the offices of Allotta and Izzo demanding to see his mother's file. Allotta was not present but Izzo provided Donovan a copy of the file. Two months later, in February 1985, Allotta and Izzo were sued by the estate of Emily Donovan for legal malpractice. The representative of the estate claimed that Allotta and Izzo were negligent in allowing the statute of limitations to run on Mrs. Donovan's medical malpractice action.

About the same time, Izzo decided to separate his prac-

tice from Allotta and set up his practice elsewhere in the Tacoma area. In anticipation of leaving, Izzo requested one of the secretaries in the office to make photocopies of pertinent portions of the Emily Donovan file to provide to Izzo's malpractice carrier.

On March 26, 1985, Allotta was deposed by the plaintiff's attorney in the legal malpractice action. During the course of that deposition Allotta produced a carbon copy of a letter dated July 21, 1982, addressed to a "Mr. Donovan" and bearing the typewritten signature block of Mr. Allotta. The letter advises "Mr. Donovan" to pick up the file and seek other counsel since he, Allotta, did not intend to take any action on the matter. The letter also explicitly warns of the 3-year statute of limitations on the claim. The events surrounding this letter are the focus of the current disciplinary action.

Allotta testified under oath at the deposition that he had sent the original letter to a son of Emily Donovan's on or about July 21, 1982, pursuant to a telephone conversation with him the same day. When he learned of Allotta's deposition testimony, Izzo suspected that the letter was not authentic since he had not seen any such letter in the Donovan file. Seeking to find the original letter, Izzo combed the garbage from Allotta's office twice in the evenings immediately following Allotta's deposition. On the second occasion, Izzo's girl friend was with him. They brought the garbage to Izzo's residence and found the original letter torn into at least 21 pieces. Izzo placed the pieces in an envelope which he initialed and hid in his home. He promptly informed his attorney, Dinah Pomeroy, of his discovery. Izzo's girl friend did not testify at the hearing.

Izzo's deposition was taken approximately 1 month later on April 18, 1985. When asked about the July 21, 1982 letter Allotta had allegedly sent to "Mr. Donovan," Izzo produced the envelope containing the pieces of paper he discovered in Allotta's garbage.

At the urging of his attorney, Izzo made a written complaint to the bar association on August 28, 1985. Izzo

charged that the letter of July 21, 1982, was not authentic and accused Allotta of fabricating it in order to establish a defense to the legal malpractice action.

The bar association immediately began its investigation of the complaint. Allotta's deposition was taken by bar counsel on October 3, 1985. At the request of the bar association, an expert documents examiner, Mr. Jan Beck, examined the copies of the July 1982 letter produced by Allotta at his March 1985 deposition and compared them to the pieces of letter found by Izzo. Mr. Beck concluded that the letters matched and that the one found by Izzo was a fabrication intended merely to produce a file copy.

Subsequently, the bar association formally charged Allotta with fabricating the July 1982 letter and attempting to destroy the original letter in order to conceal the fabrication. The bar association further charged Allotta with falsely testifying under oath at his March 1985 deposition for the malpractice action and again at the October 1985 deposition taken by bar counsel. The bar association recommended that Allotta be disbarred.

Hearings on the bar's complaint against Allotta were held on November 11 and 12, 1986, with Mr. M. Wayne Blair presiding as hearing officer. Several witnesses testified on behalf of both parties and numerous exhibits were admitted into evidence. On November 26, 1986, the hearing officer issued a memorandum opinion concluding that Mr. Allotta did fabricate the letter in question, sought to conceal the fabrication by destroying the original document, and falsely testified under oath about the matter.[1] Noting Allotta's past infractions of the professional rules of conduct[2] and emphasizing the seriousness of the charges

---

[1]Because no transcript was made of the deposition conducted by the bar association, Allotta's alleged false testimony at this deposition was disregarded by the hearing officer in making his recommendation. Memorandum Opinion of Hearing Officer, at 9.

[2]Allotta's disciplinary record includes: a 30–day suspension in April 1984 for failing to inform the court that a client's signature on an affidavit was actually

brought in this case, the hearing officer recommended that Allotta be disbarred. Pursuant to RLD 6.1, the recommendation was reviewed by the Board and affirmed by a unanimous vote (with one abstention) on March 26, 1987.

Allotta appeals to this court under RLD 7.2, arguing that the circumstantial evidence of misconduct was insufficient and that, in any event, the severity of the sanction is unwarranted.[3]

## I

We first address Mr. Allotta's challenge to the sufficiency of the evidence.

 In attorney disciplinary proceedings, state bar counsel has the burden of establishing an act of misconduct by a *clear preponderance* of the evidence. RLD 4.11(b); *see also In re Greenlee*, 82 Wn.2d 390, 393, 510 P.2d 1120 (1973). "Clear preponderance" is an intermediate standard of proof in these cases, requiring greater certainty than "simple preponderance" but not to the extent required under "beyond reasonable doubt". This intermediate standard reflects the unique character of disciplinary proceedings. The standard of proof is higher than the simple preponderance normally required in civil actions because the stigma associated with disciplinary action is generally greater than that associated with most tort and contract cases. Yet because the interests in protecting the public, maintaining confidence, and preserving the integrity of the legal profession also weigh heavily in these proceedings, the standard of proof is somewhat lower than the beyond reasonable doubt standard required in criminal prosecutions.

 While not directly attacking the hearing officer's

---

made by Allotta's secretary; a letter of censure issued in November 1984 for failing to return a client's file upon request; and two letters of reprimand issued in November 1985 for failing to maintain accurate trust account records. Memorandum Opinion, at 9.

[3]This court has previously granted the bar association's petition under RLD 3.2 for an immediate suspension of Allotta during the pendency of these disciplinary proceedings. *In re Allotta*, 108 Wn.2d advance sheet 4, ff 230 (1987).

findings of fact, Allotta challenges the sufficiency of the evidence. Specifically, Allotta contends that the evidence of professional misconduct was circumstantial only and that an equally reasonable interpretation of the same evidence is that Izzo, not Allotta, fabricated the July 1982 letter. Allotta cites this court's decisions in *Grobe v. Valley Garbage Serv.*, 87 Wn.2d 217, 551 P.2d 748 (1976) and *Schmidt v. Pioneer United Dairies*, 60 Wn.2d 271, 373 P.2d 764 (1962) for the rule regarding the use of circumstantial evidence. In those cases, both of which involved negligence actions, we stated that

> The facts relied upon to establish a theory by circumstantial evidence must be of such a nature and so related to each other that it is the only conclusion that fairly or reasonably can be drawn from them.

*Schmidt,* at 276; *Grobe,* at 225–26. While both of those cases involved negligence actions, the bar association does not disagree that this is a reasonable statement of the law to be applied in a disciplinary case.

Allotta argues that because the evidence could just as reasonably be interpreted to conclude that Izzo fabricated the July 1982 letter, it is insufficient to support the determination of the hearing officer and Disciplinary Board that Allotta was responsible for the fabrication. Allotta argues that Izzo had sufficient motive and opportunity to fabricate the letter. At the hearing in November 1986, a former secretary testified on Allotta's behalf that she remembered typing something on the Donovan case for Izzo after the malpractice case arose and before he left the office. Allotta also attempted to undermine Izzo's credibility by presenting the testimony of several witnesses who questioned his reputation for truthfulness.

■ The principles which guide this court's review of disciplinary proceedings are well recognized. The hearing officer's findings of fact, while not conclusive, are nonetheless entitled to considerable weight. *See In re Eddleman,* 77 Wn.2d 42, 43, 459 P.2d 387, 461 P.2d 9 (1969). This is especially true when the credibility and veracity of wit-

nesses are at issue. *In re Little,* 40 Wn.2d 421, 244 P.2d 255 (1952); *In re Kuvara,* 97 Wn.2d 743, 747, 649 P.2d 834 (1982), citing *In re Witt,* 96 Wn.2d 56, 633 P.2d 880 (1981). In such cases, where this court's review of the record reveals no reason to upset the hearing officer's conclusion, that conclusion will be adopted. *Kuvara,* at 747; *In re McLeod,* 104 Wn.2d 859, 864, 711 P.2d 310 (1985). The court does not attempt to substitute its evaluation of the credibility of witnesses for that of the hearing officer. *Witt,* at 68.

In this case, the hearing officer evaluated the testimony of three key witnesses in reaching his conclusion. As to Mr. Izzo, the hearing officer found that while "Izzo may have a tarnished reputation in the community . . . I did find him to be a credible witness." Memorandum Opinion, at 8. Conversely, the hearing officer found that Allotta's former secretary was not a credible witness and that the testimony of Allotta "both as to demeanor and the substance of his testimony lacked credibility. The scenario presented by Allotta is confusing and difficult to accept." Memorandum Opinion, at 7, 9. We have no reason to question the hearing officer's judgment regarding the credibility and veracity of these witnesses.

The record in this case provides ample support for the hearing officer's conclusion that a clear preponderance of the evidence shows that Allotta fabricated the letter dated July 21, 1982, particularly since it was Allotta who first produced it at his deposition. Furthermore, the evidence supports the conclusion that Allotta attempted to conceal the fabrication by disposing of the original in the garbage and falsely testified under oath at his March 1985 deposition.

II

Allotta next contends that disbarment is too severe under the circumstances of this case. While admitting his prior disciplinary record, he argues that it is distinguishable from the present charges of misconduct and should not be a

factor in determining the appropriate sanction.

■ While this court retains ultimate responsibility for determining the proper measure of discipline, the recommendation of the Board "should be affirmed unless this court can articulate a specific reason to reject the recommendation." *McLeod,* at 865. We have also stated that when disbarment is recommended it "will hesitate to reject a unanimous decision of the Board". *In re Stock,* 104 Wn.2d 273, 284, 704 P.2d 611 (1985); *In re Noble,* 100 Wn.2d 88, 92, 667 P.2d 608 (1983). In this case, the Board voted unanimously to recommend that Allotta be disbarred. We have no specific reason to reject this recommendation.

■ This court has enunciated several factors to be taken into account when determining the appropriate sanction to be applied in attorney discipline cases. *See Noble,* at 92; *In re Kumbera,* 91 Wn.2d 401, 403, 588 P.2d 1167 (1979). We find the analytical framework provided by the *ABA Standards for Imposing Lawyer Sanctions* 5 (Approved Draft, 1986) to be most helpful in determining attorney discipline. *In re Rentel,* 107 Wn.2d 276, 729 P.2d 615 (1986). This framework poses four questions:

 1. What ethical duty did the lawyer violate?
 2. What was the lawyer's mental state?
 3. What was the extent of the actual or potential injury caused by the lawyer's misconduct?
 4. Are there any aggravating or mitigating circumstances?

*Rentel,* at 283.

Applying these factors to the present case leads us to the following conclusions. *First,* Allotta violated ethical duties to his clients as well as to the legal system generally by committing perjury and tampering with evidence. We agree with the hearing officer that the charges in this case "are of the most serious kind that can be made against a lawyer." Memorandum Opinion, at 13.

*Second,* his actions were done with the *intent* to protect himself and establish a defense against a malpractice suit.

*Third,* the actual or potential injury caused by Allotta's

misconduct is serious. His former clients would likely have failed in their malpractice claim had the fabrication of the letter not been discovered.

*Fourth,* though there was little evidence of mitigating factors, there was substantial evidence of aggravating factors. The hearing officer properly considered the seriousness of the misconduct and Allotta's blemished record.

■ The hearing officer concluded, and the Board agreed, that because the probability of future transgressions was not insubstantial, Allotta "is not fit to practice law and should be disbarred". Memorandum Opinion, at 15. The evidence supports this sanction.

Samuel J. Allotta is hereby disbarred.

PEARSON, C.J., BRACHTENBACH, DOLLIVER, CALLOW, GOODLOE, and DURHAM, JJ., and PETRIE, J. Pro Tem., concur.

DORE, J., concurs in the result.