IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31381-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LYNN MARIE ARNHOLD, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Lynn Arnhold appeals her convictions of third degree assault

and resisting arrest, arguing that the State presented insufficient evidence to support the

convictions. Specifically, she argues the State did not prove she had the intent to assault

a police officer nor the intent to resist arrest. Because the State presented sufficient

evidence, we affirm the convictions.

FACTS AND PROCEDURAL BACKGROUND

In August 2012, Twisp Police Officer Michael Hartnett arrested Lynn Arnhold

pursuant to a felony arrest warrant. In the process of the arrest, Ms. Arnhold allegedly bit

Officer Ty Sheehan. The State charged Ms. Arnhold with criminal trespass, resisting

arrest, and assault of a law enforcement officer.

At trial, Officer Hartnett testified that he received a call informing him that Ms. Arnhold, who had a felony warrant out for her arrest, was at Horseshoe Trailer Park. He traveled to the trailer park, where he found Ms. Arnhold inside the mobile home of the trailer park manager, Janice Timbers. He immediately told Ms. Arnhold she was under arrest. Ms. Arnhold answered that she would not allow him to arrest her and started flailing her arms. Concerned the situation would escalate, Officer Hartnett grabbed one of Ms. Arnhold's arms and pulled her out of the mobile home. After he pulled her outside, she was still struggling to get away. By that time, Officer Sheehan arrived; he removed his stun gun and placed it on Ms. Arnhold's shoulder, at which point she stopped struggling.

Officer Hartnett testified that he placed handcuffs on Ms. Arnhold and together he and Officer Sheehan began to escort Ms. Arnhold to the patrol car. While walking down the stairs from the porch, Officer Hartnett felt Ms. Arnhold lunge to the right; simultaneously, Officer Hartnett heard Officer Sheehan exclaim "she bit me." Report of Proceedings (RP) at 190. Officer Hartnett testified that a bruise in the shape of a semicircle appeared on Officer Sheehan's bicep. He expressed his opinion that the bruise was a result of a bite. The State produced three photographs of the bruise that were admitted into evidence and published to the jury.

Officer Sheehan testified to substantially the same events.

2

Janice Timbers was also called as a witness by the State. She testified that "[Ms. Arnhold] was not very cooperative" and "she was putting up a little fight." RP at 205.

Ms. Arnhold testified in her defense. She explained she was aware there was a warrant out for her arrest and she therefore complied with all of Officer Hartnett's instructions. She testified that Officer Hartnett never told her she was under arrest; rather, he immediately informed her she was *resisting* arrest. Finally, addressing her interaction with Officer Sheehan, she testified she did not bite him nor would she have been able to, because there was a stun gun on her jugular.

The jury returned a verdict of guilty on the charges of assault and resisting arrest, and a not guilty verdict on the criminal trespass count. Ms. Arnhold timely appealed.

## ANALYSIS

Ms. Arnhold challenges the sufficiency of evidence to sustain her two convictions. In each case, she challenges the sufficiency of the evidence to establish that she acted with the requisite intent. We address these arguments in turn.

### I.  *Third degree assault*

Ms. Arnhold contends there is insufficient evidence to sustain her conviction for the third degree assault of Officer Sheehan. Specifically, she contends the State failed to prove she intended to assault him. "A person is guilty of assault in the third degree if he or she . . . [a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW

3

9A.36.031(1)(g). Intent is implied as an element of third degree assault. *State v. Tunney*, 129 Wn.2d 336, 341, 917 P.2d 95 (1996). "A person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

A jury may infer that a defendant acted with intent even when there is no direct evidence. *State v. Bea*, 162 Wn. App. 570, 579, 254 P.3d 948 (2011) (citing *State v. Caliguri*, 99 Wn.2d 501, 506, 664 P.2d 466 (1983)). "A jury may infer criminal intent from a defendant's conduct where it is plainly indicated as a matter of logical probability. This includes inferring or permissibly presuming that a defendant intends the natural and probable consequences of his or her acts." *Id.* (citations omitted).

In determining whether there is sufficient evidence to sustain Ms. Arnhold's conviction, this court must decide whether "after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficient evidence admits the truth of the State's evidence as well as the truth of all reasonable inferences drawn therefrom. *Id.* It is for the fact finder to determine the credibility of witnesses and the persuasiveness of evidence. *In re Disciplinary Proceeding Against Kuvara*, 97 Wn.2d 743, 747, 649 P.2d 834 (1982).

At trial, the jury was presented with Officer Sheehan's testimony that Ms. Arnhold bit him and Officer Hartnett's testimony that as the officers escorted Ms. Arnhold to the

4

patrol car, he felt her body sway toward Officer Sheehan and then heard Officer Sheehan exclaim that she had bit him. Both officers testified to their observations of the resulting bruise and three photographs of Officer Sheehan's arm were admitted into evidence. Although Ms. Arnhold denied biting Officer Sheehan, it is for the fact finder to decide what weight and credibility to assign witness testimony. *Id.*

Substantial evidence permitted the jury to infer Ms. Arnhold intended to bite Officer Sheehan.

## II. Resisting arrest

Ms. Arnhold next contends there was insufficient evidence to convict her of resisting arrest. A person is guilty of resisting arrest in violation of RCW 9A.76.040(1) "if he or she intentionally prevents or attempts to prevent a peace officer from lawfully arresting him or her." Again, "[a] person acts . . . intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime," RCW 9A.08.010(1)(a), and the jury can infer intent. The same standard of review applies.

Three witnesses testified to a struggle between Ms. Arnhold and Officer Hartnett. Officer Hartnett described Ms. Arnhold physically resisting, "actively pulling away," and refusing to comply with his instructions. RP at 188-90. Ms. Timbers said Ms. Arnhold "was putting up a little fight." RP at 205. Officer Sheehan observed Ms. Arnhold "struggling, resisting, basically trying to pull away from Officer Hartnett." RP at 214.

5

No. 31381-6-III
*State v. Arnhold*

Here again, there was sufficient evidence from which the jury could infer Ms. Arnhold's intent to resist arrest.

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Brown, J.

Fearing, J.

6