IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31380-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LYNN M. ARNHOLD, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Lynn Arnhold appeals her conviction of theft in the second

degree, contending the State did not present sufficient evidence of the stolen property's

value or that she had the requisite intent to deprive another of his property. Because the

jury was presented with sufficiently detailed testimony and a photograph of the stolen

property, the evidence was sufficient. We affirm her conviction.

FACTS AND PROCEDURAL BACKGROUND

On May 26, 2012, Teodoro Dominguez was working at a restaurant in Winthrop

when his nephew, J.D., came into the restaurant and told him that he had just seen a

woman approach Teo's[1] utility trailer, which had been parked behind the restaurant, hook

---

[1] Because we refer to several members of the Dominguez family, we frequently
use their first names. We intend no disrespect.

the trailer onto her green Ford Explorer, and drive away. Teo promptly called law enforcement and reported his trailer as stolen.

Twisp Police Officer Ty Sheehan was on patrol that evening when he overheard radio traffic describing a trailer that had been stolen by the driver of a green Ford Explorer. Aware that Ms. Arnhold had a green Ford Explorer, Officer Sheehan drove to her home, where he saw her Explorer parked in front with a trailer attached. The Explorer was running, the front door to Ms. Arnhold's home was open, and Ms. Arnhold appeared to be in a hurry with clothes in her arm and a purse in her hand. Officer Sheehan questioned Ms. Arnhold about the trailer but she was evasive.

The officer requested that a police unit from Winthrop travel to Ms. Arnhold's home to see if the trailer parked outside was the one that had been stolen. When he told Ms. Arnhold that he was detaining her until the Winthrop units arrived, she tried to flee into the back of the house. Officer Sheehan and the deputy sheriff who had been riding with him had difficulty detaining Ms. Arnhold, but eventually arrested her and received confirmation from the Winthrop officers that Ms. Arnhold's Explorer and the attached trailer were the vehicles involved in the theft earlier in the day.

The State charged Ms. Arnhold with first degree theft, obstructing a law enforcement officer, and resisting arrest.

Teo Dominguez was not present at trial to testify to the value of the trailer and its contents. Instead, the State presented testimony from his brother, Albertano Dominguez,

2

who had worked with Teo at a construction site on the morning the trailer was stolen. When it came time that morning for Teo to leave for the restaurant, Albertano had helped his brother load the trailer with tools they had been using. Albertano testified he and Teo had been using a table saw, two skill saws, a chopper saw, an air compressor, and two electric planers. Albertano also testified that there were boxes in the trailer he presumed were filled with tools, but because the boxes were unopened he could not be sure. Albertano described the trailer as a "small trailer, it's like six by four and, oh, it's nine by four, I'm sorry. And it's just a metal galvanized outside." Report of Proceedings (RP) at 268. Albertano admitted he did not know how much the trailer had cost or the value of all the tools in the trailer.

At the close of the State's case, the defense moved for a directed verdict, including on the basis that the State had not presented evidence that the value of the property stolen exceeded $5,000 as required for first degree theft. RCW 9A.56.030(1)(a). The judge agreed that the evidence of value was insufficient to support guilt of first degree theft, but found it was sufficient to permit the jury to find Ms. Arnhold guilty of the lesser crime of second degree theft. The court also dismissed the charge of obstructing a law enforcement officer at that time.

During the defense case, Ms. Arnhold admitted to taking the trailer but claimed she had received an "e-mail text message" from a friend instructing her to move the trailer. RP at 329.

The jury was instructed on the elements of both second and third degree theft, as well as resisting arrest. It found Ms. Arnhold guilty of second degree theft and resisting arrest. She appeals.

ANALYSIS

Ms. Arnhold argues the State did not offer sufficient evidence to establish that the value of the trailer and its contents exceeded $750, nor did the State offer evidence to establish she had the intent to deprive another of his or her property.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992) (citing *State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980)). A claim of insufficient evidence admits the truth of the State's evidence as well as the truth of all inferences reasonably drawn therefrom. *Salinas*, 119 Wn.2d at 201.

*I.  Value*

A person is guilty of theft in the second degree if she commits theft of property having a value exceeding $750. RCW 9A.56.040(1)(a). "Value" is "the market value of the property or services at the time and in the approximate area of the criminal act." RCW 9A.56.010(21). Market value is defined as the price which a well-informed buyer would pay to a well-informed seller. *State v. Kleist*, 126 Wn.2d 432, 435, 895 P.2d 398 (1995). The jury may "determine market value from the evidence in the record, using the

4

judgment of persons of ordinary experience and knowledge." *State v. Melrose*, 2 Wn.

App. 824, 832, 470 P.2d 552 (1970). Reasonable inferences permitted by the evidence—

including the condition of the property—may be used in determining value. *State v.*

*Ehrhardt*, 167 Wn. App. 934, 944, 276 P.3d 332 (2012) (citing *Melrose*, 2 Wn. App. at

831).

Although the owner of the trailer did not testify at trial, the State's evidence

included a photograph of the trailer taken by Officer Sheehan at Ms. Arnhold's home as

well as Albertano's description of the trailer and its contents.

In granting the defense's motion to dismiss the first degree theft charge, the court

explained why it viewed the evidence as sufficient to submit the charge of second degree

theft to the jury:

> [JUDGE:] . . . Now as to second degree theft, over seven hundred
> and fifty dollars, first of all, one thing we have is the pictures. The pictures
> show a relatively new, good condition, metal trailer with that corrugated
> metal deck, metal wheel covers, wheels that appear to be in shape, this is,
> this is no throwaway item or junk item. It's a nice trailer. It's obviously
> worth some money. And then we have testimony as to what the contents
> were. Direct testimony by somebody who put contents in, into that trailer.
> First there was a number of boxes that contained tools or something that he
> didn't know what was in there, so that doesn't help much. . . . [L]et's see—
> [DEFENSE COUNSEL]: I'll acknowledge he talked about a table
> saw, two skill saws, a chopper saw, a compressor, planers, and nail gun.
> JUDGE: And a nail, right, nail gun. So there was, and a, so the
> combination of these items is enough that a rational trier of fact,
> considering this is circumstantial evidence, could conclude beyond a
> reasonable doubt, that the value of the trailer and its contents is over seven
> hundred and fifty dollars.

RP at 318-19.

We agree with the trial court. The evidence of value was sufficient.

## *II. Intent*

"Theft" is defined as "wrongfully obtain[ing] or exert[ing] unauthorized control over the property or services of another . . . with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). Ms. Arnhold contends the State presented insufficient evidence to support the element of intent given her explanation that an unidentified friend sent her an "e-mail text message" with instructions to take the trailer. She stresses the fact she did not hide the trailer after she took it and that she was folding laundry with the front door of her home open when Officer Sheehan arrived—conduct suggesting she did not believe she had done anything wrong.

Contrary to Ms. Arnhold's characterization of her behavior as supporting her innocence, Officer Sheehan testified that when he arrived at Ms. Arnhold's home, the trailer was hooked up to her Ford Explorer, whose engine was running. While he agreed that the door to Ms. Arnhold's home was open, he described her as walking quickly toward the front door with clothing in her arms and a purse in one hand.

The jury determines the credibility of witnesses. *In re Disciplinary Proceeding Against Kuvara*, 97 Wn.2d 743, 747, 649 P.2d 834 (1982). A jury may infer that a defendant acted with intent even when there is no direct evidence. *State v. Bea*, 162 Wn. App. 570, 579, 254 P.3d 948 (2011) (citing *State v. Caliguri*, 99 Wn.2d 501, 506, 664

6

No. 31380-8-III
*State v. Arnhold*

P.2d 466 (1983)).  When viewed in the light most favorable to the State, evidence presented at trial was such that a rational trier of fact could have found beyond a reasonable doubt that Ms. Arnhold intended to deprive Teo Dominguez of his property.

We affirm Ms. Arnhold's conviction for theft in the second degree.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Brown, J.

Fearing, J.

7